# EXHIBIT 1

# The Law Office of
# Martha A. Rosenberg

Martha A. Rosenberg

Kellie L. Robinson, Paralegal
Morgan A. Knox, Paralegal

September 14, 2020

Hon. Danny C. Reeves, Chief Judge
US District Court, Eastern District of Kentucky
Federal Building
101 Barr Street, Rm 219
Lexington, Kentucky 40507

RE:   Theodore Gerstle, 5:20cr00047-DCR

Dear Judge Reeves:

I have been representing, Theodore Gerstle since January, 2017 in a protracted and acrimonious divorce, with the primary issue being the custody and timesharing of his three minor children. While every divorce brings with it a certain level of stress, Dr. Gerstle's case was particularly contentious with a number of false allegations being made by his ex-wife. In the interim he suffered the loss of his father and was trying to maintain a successful surgical practice in Lexington, while maintaining a relationship with his children despite poisonous behavior by his spouse.

While Dr. Gerstle did not handle this highly stressful situation in the best manner, I can say without any hesitation that he has been a good client and met each situation with honesty and integrity. His primary focus has been the safety and health of his children and to that end he did what was asked of him. This included meeting with and hiring Dr. David Feinberg as his individual therapist, obtaining and continuing therapy for his children, undergoing in-inpatient treatment and following after care treatment, remaining drug and alcohol free, and complying with all requirements of the medical licensure board.

While Dr. Gerstle has always been very involved with his children, his relationship with them only seems to have strengthened. He is very involved in their education, attending parent teacher conferences, being involved with the faculty and general operations at school, participating in fund raising events, the children's extra-curricular events and being a strong emotional support system for them. Dr. Gerstle, by court order has equal timesharing with the children's mother, but in reality reports that he has the children more than 50% of the time. He arranges his work schedule to maximize his time with them and to keep daycare

to an absolute minimum, if at all.

The children need Dr. Gerstle and I am concerned that removing Dr. Gerstle from them through incarceration would be devastating to the children. Since Dr. Gerstle recognizes the seriousness of his conduct and his recognition of his need to be a good example for his children I believe Dr. Gerstle would be compliant of all with requests made of him. I do not believe he would be a danger to the community or re-offend, therefore I would ask this court to consider him as a candidate for probation.

Feel free to contact me with any questions you may have.

Sincerely,

Martha A. Rosenberg

MAR/klr