# EXHIBIT 6

**L. Chad Elder**
celder@eldergood.com



Elder & Good, PLLC
Attorneys at Law

**Brian R. Good**
bgood@eldergood.com

September 14, 2020

Brian Butler
Stites & Harbison
400 West Market Street, Suite 1800
Louisville, Kentucky 40202
*Via Email*

Re:   Dr. Theo Gerstle

Dear Mr. Butler,

    As you know, the Kentucky Board of Medical Licensure (KBML) statutes and administrative regulations can dramatically impact Dr. Gerstle based upon the disposition of the present Federal case. In addition to the impact of KBML statutes and regulations, I will also set forth other long term impacts upon Dr. Gerstle's medical practice based on the disposition of the present case. Lastly, we are hopeful that the KBML will permit Dr. Gerstle to continue the practice of medicine now or in the near future based upon his significant and successful efforts with the Kentucky Physicians Health Foundation and the skill set he brings to the Commonwealth of Kentucky.

Felony disposition[1]

    I will try to succinctly set forth the issues Dr. Gerstle will face with the pending felony disposition. Without a doubt a felony disposition is most challenging to his future practice of medicine. In my seventeen (17) years of experience in this specific area, a felony conviction involving controlled substances can result in the following:

- A physician convicted of or entering a plea of guilt, an Alford plea or a plea of nolo contendere to any felony offense relating to controlled substances, regardless of adjudication in any state, shall, at a minimum, be permanently banned from prescribing or dispensing controlled substances as a disciplinary sanction. In addition to this minimum sanction, the KBML may take any appropriate disciplinary action authorized by KRS 311.595 against the physician, or in lieu of the minimum sanction, the KBML may revoke the

---

[1] 201 KAR 9:081 requires that any physician licensed to practice medicine or osteopathy within the Commonwealth of Kentucky shall report to the board any criminal conviction or plea of guilt, nolo contendere, or Alford plea to any criminal charges, regardless of adjudication, within ten (10) days of the entry of judgment of conviction or the entry of the plea, entered into in any state. As part of this reporting, the licensee shall provide a copy of the judgment of conviction or plea documents.

   medical license, based upon the facts available to them at the time of action. 201 KAR 9:081E
- In addition to the permanent ban, the physician may receive a two (2) year suspension or revocation of his license by the Kentucky Board of Medical Licensure (KBML).
- Five (5) year mandatory exclusion from participation in Medicare, Medicaid and <u>all</u> Federal health programs. (Section 1128(f) of the Social Security Act)

We previously self-reported the entry of the plea in this matter to the KBML. Fortunately, the KBML permitted Dr. Gerstle to continue his practice of medicine while awaiting sentencing. When we meet with the KBML following the sentencing, we will appeal to them to allow his continued practice or as short a period of suspension as possible. Dr. Gerstle has been compliant with all requirements of his sobriety contract with the Foundation and has established a solid recovery record. Regardless of when the KBML permits Dr. Gerstle to continue with the practice of medicine, we do expect that he will have a number of conditions in place for monitoring of both his recovery and his safe and lawful practice of medicine.

## KBML Dispositions

As mentioned above, Dr. Gerstle's Federal conviction may implicate the KBML regulation requiring a permanent ban on prescribing of controlled substances. We will present arguments against the application of this regulation in Dr. Gerstle's case. Even if he is not permanently prohibited from prescribing controlled substances, the KBML will pursue significant monitoring of Dr. Gerstle's license based upon the allegations presented. The possible Board discipline will afford them heightened oversight of his practice for a period up to five (5) years. Whether by an agreed resolution or final order after an administrative hearing, the Board will seek to place certain conditions upon his practice. These conditions will be set forth in a public document styled an Order of Indefinite Restriction and will likely include the following conditions, among others:

- There will most likely be an initial restriction or at least a monitoring condition on Dr. Gerstle's ability to prescribe controlled substances. This could be a complete prohibition until further order of the Board.
- The Board will require specific educational courses or assessments as a condition of prescribing or as a prerequisite to seeking reinstatement of prescribing privileges.
- When, and if, permitted to prescribe controlled substances, Dr. Gerstle will maintain a controlled substance log which will be inspected by the Board Investigator assigned to him. (His Board Probation Officer). The investigator will ensure that this log matches up with KASPERs and will periodically pull patient charts for review by a Board Consultant.
- Dr. Gerstle is presently under contract with the Kentucky Physicians Health Foundation for a minimum period of 5 years. The Board and the Foundation monitor Dr. Gerstle's continued sobriety following his intensive residential treatment. This includes at least 26 random urine screens per year. Dr.

Gerstle is required to call in daily to see if he is selected for a random urine screen. The Foundation contract requires at least 3 weekly AA/NA meetings and additional professional or individual group therapy. I can provide a copy of his Foundation contract if you or anyone would like to see the monitoring terms. Dr. Gerstle has remained compliant with all aspects of these requirements.
- No violations of the Kentucky Medical Practice Act.
- Additionally, the Board may impose some period of suspension and a fine.
- Dr. Gerstle will be unable to serve as a supervisor for a Physician Assistant or enter into a collaborative agreement with a Nurse Practitioner.

Additionally, a disciplined license must be reported on every future application for state licensure, hospital privileges and malpractice insurance. The discipline will be reported to the National Practitioners Data Bank and available to all entities within the health care field that Dr. Gerstle may encounter throughout his career.

There will certainly be hurdles for Dr. Gerstle and he will feel the pain – professionally as well as personally - of this conviction for years to come. However, his work in recovery has aided him immensely in weathering the challenges presented and he will rely on his sustained recovery to weather future challenges following the KBML's consideration of the Federal disposition. Dr. Gerstle has a viable avenue for continued practice within Kentucky and we appreciate the Court's consideration of his efforts with recovery in reaching a just disposition.

I am glad to discuss this matter with you as needed.

Very truly yours,

L. Chad Elder